IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) MATEO MALDONADO-CABRERA<br>a/k/a Teo (Counts One and Two)<br>2) JAVIER REYES-TORRES<br>a/k/a Héctor (Counts One and Two)<br>3) NORMA I. CARTAGENA<br>a/k/a Ive (Counts One and Two)<br>4) RAULMEDINA-CRUZ<br>a/k/a Juanito (Counts One and Two)<br>5) NORMA J. FLORES-COLON<br>a/k/a Judith (Counts One and Two)<br>6) LUIS D. MARTINEZ-RUIZ<br>a/k/a Davisito (Counts One and Two)<br>7) RUBEN LUGO-CARTAGENA<br>a/k/a Rubencito (Counts One and Two)<br>**8) JOSEAN PIÑEIRO-RODRIGUEZ**<br>a/k/a Josean (Counts One and Two)<br>9) JOSE MIGUEL VEGA-RIVERA<br>a/k/a Gelín (Counts One and Two)<br>10) MARCOS CHUPANI-MALAVE<br>a/k/a Marquitos (Counts One and Two)<br>Defendant | CRIMINAL 05-0133CCC |

# O R D E R

The Court has before it the Objections to Presentence Report and Sentencing Memorandum filed by defendant Josean Piñeiro-Rodríguez on November 16, 2006 (**docket entry 317**) and the Response by the United States (**docket entry 346**). Defendant, who according to the Pre-Sentence Report (PSR) accrued thirteen criminal history points under the advisory Sentencing Guidelines which classify him with a Criminal History Category of VI, partially objects the computation of those criminal history points.

Defendant was awarded three criminal history points for a conviction for second degree murder and a weapons violation, offenses for which he was arrested on October 5, 2003 and sentenced on January 28, 2005 to concurrent imprisonment terms of twelve years on the murder and five years on the weapons. Defendant avers, however, that "this conviction was for

conduct which was encompassed by the drug trafficking conspiracy in the instant case, and thus is part of the instant offense." Objections (docket entry 317), at p. 4, ¶ 9. As such, he claims it should not accrue criminal history points under U.S.S.G. §4A1.2(a)(1). Aside from his representation, there is no evidence before us that the murder/weapons violations for which he was sentenced in 2005 are in fact related to the drug conspiracy for which he was charged in this case. According to the PSR, the 2005 sentence is based on the murder of Mr. Arnaldo Collazo-Ortíz using a revolver. The indictment filed in this case does not allege that weapons were ever used or murders committed as part of the conspiracy, and defendant is mentioned in overt acts 4 and 5 as a distributor of cocaine, not as one of the enforcers of the drug organization. The Statement of Facts attached to the Plea Agreement (docket entry 255), in turn, only describes defendant as a seller at the drug point, and there is no mention there either of his engagement in violent acts in furtherance of the conspiracy. Simply put, defendant has not placed us in a position to conclude that the sentence of 2005 pertained to conduct that was part of the instant offense. His objection to being awarded criminal history points for such conviction is, therefore, OVERRULED.

Defendant was also awarded criminal history points for two offenses for possession of narcotics for which he was arrested in Hartford, Connecticut on January 18, 2002 and sentenced on May 8, 2002. The sentence imposed for both offenses was the same, two years imprisonment, although in one the imprisonment term was suspended to two years of probation and in the other was suspended to two years of conditional discharge. Each of these two offenses was awarded one criminal history point. Defendant avers, however, that both cases are related and they should have been treated as one sentence pursuant to U.S.S.G. §4A1.2(a)(2). Given that the information contained in the PSR shows that defendant was arrested for both cases on the same date, and it also appears that the sentences for both charges were consolidated, we will consider them to be related under U.S.S.G. §4A1.2 and its Application Note 3. Accordingly, one criminal history point will be deducted from defendant's total,

resulting in 12 criminal history points and a Criminal History Category of V. Said Criminal History, combined with defendant's total offense level of 23, results in an advisory guideline sentencing range of 84 to105 months.

    SO ORDERED.

    At San Juan, Puerto Rico, on December 13, 2006.

                                          S/CARMEN CONSUELO CEREZO
                                          United States District Judge